

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTONI JANKOWSKI, et al.,

        Plaintiffs,

-against-

ROBERT CASTALDI, et al.,

        Defendants.
------------------------------------------------------------X

FILED
IN CLERKS OFFICE
U.S. ~~~~~~ COURT ~~ N.Y:
★ JAN 1 3 2006 ★
P.M. _____
TIME A.M.
01-cv-0164
(SJF)(KAM)

**OPINION & ORDER**

FEUERSTEIN, J.

I.    Introduction

Plaintiffs commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and New York state law seeking recovery of allegedly unpaid overtime wages. Plaintiffs move for class certification of the New York state law claims under Fed. R. Civ. P. 23(b)(3). In the alternative, Plaintiffs seek leave to amend their Amended Complaint to allow the opt-in FLSA plaintiffs to assert state law claims. Defendants cross-move for partial summary judgment. For the reasons set forth below, Plaintiffs' motion for class certification is granted, and Defendants' motion for partial summary judgment is granted in part and denied in part.

II.   Background

Castle Restoration and Construction, Inc. ("Castle") is a New York City-based contractor that engages in "exterior renovation" including "roofing, painting, masonry" and related activities. (R. Castaldi Dep., 16:3, 6). Plaintiffs are current and former employees of Castle who claim to have worked overtime hours for which they were not paid one and one-half (1½) times

1

their normal hourly rate. Magistrate Judge Levy previously authorized the mailing of a notice to potential opt-in plaintiffs informing them of the FLSA action. Approximately forty (40) individuals filed Consents to Joinder in that action. After unsuccessful mediation and discovery, Plaintiffs now move this Court for certification of the pendent state law claims or, in the alternative, for leave to add the opt-in FLSA plaintiffs to the New York state law claims.

III. Analysis

    A. Class Certification for New York State claims

The plaintiffs bear the burden of establishing each requirement for class certification under Fed. R. Civ. P. 23. Lundquist v. Sec. Pac. Auto. Fin. Servs. Corp., 993 F.2d 11 (2d Cir. 1993). Assuming the truth of the factual assertions contained in the complaint, Shelter Realty Corp. v. Allied Maint. Corp., 574 F.2d 656, 661 n. 15 (2d Cir. 1978), "Rule 23 is [to be] given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility," Marisol A. v. Giuliani, 126 F.3d 372, 377 (2d Cir. 1997). Thus, "although a trial court must conduct a rigorous analysis to ensure that the prerequisites of Rule 23 have been satisfied before certifying a class, a motion for class certification is not an occasion for examination of the merits of the case." Wal-Mart Stores, Inc. v. Visa USA Inc. (In re Visa Check/MasterMoney Antitrust Litig.), 280 F.3d 124, 134-35 (2d Cir. 2001) (internal quotations omitted).

Plaintiffs seek certification for their New York state law claims[1] under Fed. R. Civ. P. 23(b)(3), which requires them to demonstrate (1) numerosity, (2) commonality, (3) typicality, (4) adequacy of representation, (5) predominance, and (6) superiority. Fed. R. Civ. P. 23(a); Fed. R.

---

[1] This Court has jurisdiction over these claims under 28 U.S.C. § 1367(a).

Civ. P. 23(b)(3). There is also an implied requirement of 'ascertainability.' Fogarazzo v. Lehman Bros., 2005 U.S. Dist. LEXIS 15570, at *13 (S.D.N.Y., July 29, 2005).

    1.    Numerosity

Fed. R. Civ. P. 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." This requirement is satisfied where "joinder of all class members, while perhaps possible, would be impracticable." Scholtisek v. The Eldre Corp., 229 F.R.D. 381, at *30 (W.D.N.Y. 2005). However, where the "plaintiff's assertion of numerosity is based on pure speculation or bare allegations, the motion for class certification fails." Velez v. Majik Cleaning Serv., Inc., 03-cv-8698, 2005 U.S. Dist. LEXIS 709, at *8 (S.D.N.Y., Jan. 19, 2005) (quoting Edge v. C. Tech Collections, Inc., 203 F.R.D. 85, 89 (E.D.N.Y. 2001)).

Plaintiffs, citing to payroll records and other documents produced by Defendants, assert a putative class of "at least 450 employees from January 1995 to the present time (starting 6 years from the filing of the complaint herein)." (Pl. Mem. in Supp. at 7). According to Plaintiffs, although only approximately 40 plaintiffs opted-in to the FLSA action, there are many more employees with valid state law claims who did not opt-in "because they are undocumented immigrants or are still employed by defendants and afraid of losing their jobs . . . ." (Id. at 8) (citing Galej Decl. ¶ 9.).

Since "potential class members may have failed to join the FLSA collective action because they feared reprisal, particularly given their citizenship status . . . ." Noble v. 93 Univ. Pl. Corp., 224 F.R.D. 330, 342 (S.D.N.Y. 2004), the numerosity requirement is satisfied. See also Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 86 (S.D.N.Y. 2001) (citing to the plaintiffs "lack of adequate financial resources or access to lawyers, their fear of reprisals

3

(especially in relation to the immigrant status of many), the transient nature of their work, and other similar factors . . . .").

      2.    Commonality

Fed. R. Civ. P. 23(a)(2) requires there to be "questions of law or fact common to the class." Plaintiffs allege that "all [of the plaintiffs] performed similar manual labor as employees of the defendants . . . [and] have also stated that they regularly worked in excess of 40 hours per week but were not paid overtime wages . . . ." (Pet. Mem. in Supp. at 8). Defendants argue that the claims of a number of the FLSA plaintiffs were inconsistent or non-existent as to how much they claimed to be owed. In addition, Defendants claim that some of the claims asserted were unrelated to unpaid overtime.

A common question of law or fact exists when, inter alia, "[t]he legal theory set forth in [the complaint] is common to all class members." Noble, 224 F.R.D. at 343. As the Court explained in Noble,

> [a]lthough there are some differences among employees - *i.e.*, responsibilities, hours worked, and salaries - these differences are relatively minor and relate primarily to the level of damages, if any, owing to each individual. All potential class members are alleged to have been harmed by a common practice - defendant's failure to adequately compensate employees for overtime hours.

Id. at 343; see also Ansoumana, 201 F.R.D. at 86 ("The differences among Plaintiffs as to the number of hours worked, the precise work they did, and the amount of pay they received concern the amount of damages to which any individual Plaintiff might be entitled if and when liability is found. It is well-established that individual questions with respect to damages will not defeat class certification . . . unless that issue creates a conflict which goes to the heart of the litigation."); Mendez v. The Radec Corp., 03-cv-6342L, 2005 U.S. Dist. LEXIS 28882, at *45

(W.D.N.Y., Nov. 22, 2005) (finding commonality satisfied where all class members were alleged to be "subject to the same unlawful policies . . . .").

Defendants claim that plaintiffs Galej, Siwielic and Konopczak assert claims unrelated to unpaid overtime wages. If true, this would defeat commonality for these three plaintiffs. Plaintiff Galej testified at his deposition that he was suing because he had not been given proper safety equipment while performing asbestos removal work and because he believed he was underpaid for allegedly dangerous work on a scaffold. (Pl. Reply Decl., Ex. 1). This does not implicate a common question of law or fact, and Galej therefore lacks commonality.

Plaintiff Siwielec testified at his deposition that he believed he was fired because of his age. (Id., Ex. 2). However, Siwielec also testified that "we were paid less than we should have been . . . ." (Id.). This implicates a common question of law or fact, and the commonality requirement is therefore satisfied.

Defendants also claim that plaintiff Konopczak testified that he had been paid one and one-half (1½) times his regular hourly rate for his overtime, but stated that Defendants were required to pay him two and one-half (2½) times his hourly rate. Plaintiff's claim that he is owed two and one-half (2½) times his hourly rate fails to implicate a common question of law or fact.

As to the remaining plaintiffs, they are alleged to have been denied overtime wages pursuant to the same policy, and the commonality requirement is therefore satisfied.

3. Typicality

Fed. R. Civ. P. 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." In application, "[t]he commonality and

typicality requirements tend to merge because both serve as guideposts for determining whether the named plaintiff's claim and the class claims are so inter-related [sic] that the interests of the class members will be fairly and adequately protected in their absence." Mendez, 2005 U.S. Dist. LEXIS, at *44 (quoting, in part, Caridad v. Metro-North Communter R.R., 191 F.3d 283, 291 (2d Cir. 1999) (internal quotations omitted). Plaintiffs allege that "they all performed similar manual labor as employees of the defendants . . . and that other employees of the defendants, who did not join in the [FLSA] action, worked similar hours and were also not paid overtime wages." (Pet. Mem. in Supp. at 8). Furthermore, while two of the named plaintiffs were foremen, "[t]he fact that [a named plaintiff] had a different job title is irrelevant in terms of the typicality and commonality criteria" as long as they were subjected to the same illegal policies. Mendez, 2005 U.S. Dist. LEXIS, at *45. Therefore, the typicality requirement is satisfied.

4. Adequacy of Representation

Fed. R. Civ. P. 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." In application, "proposed class representatives must demonstrate that they have no interests that are antagonistic to the proposed class members." Noble, 224 F.R.D. at 339. There is no indication that the putative class representatives "are antagonistic to the potential class members or that [they] lack sufficient moral character to represent a class." Id. at 344. Furthermore, Plaintiffs' counsel have declared that they are experienced in and have previously prosecuted labor dispute actions such as this. (See Wisniewski Decl.); Olsen v. New York Cmty. Bancorp, 2005 U.S. Dist. LEXIS 36453, at *21 (E.D.N.Y., Aug. 9, 2005) (holding the adequacy of representation requirement satisfied where,

6

inter alia, proposed class counsel is "qualified, experienced, and generally able to conduct the litigation").[2] Therefore, this requirement is satisfied.

5. Predominance

Fed. R. Civ. P. 23(b)(c) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." It is well-established that individualized defenses or differing amounts of damages do not necessarily defeat predominance. As the Court explained in Noble,

> the class action is based on defendants' alleged policy of requiring employees to work overtime hours without adequate compensation. Thus, to prevail on the merits of this claim, plaintiffs must produce evidence that defendants implemented an illegal policy with respect to overtime pay. Indeed, the gravamen of the claim is that defendants engaged in a course of conduct that deprived employees of their right to overtime pay. Although determinations as to damages, exempt status, and alleged labor agreements will require individualized findings, common liability issues otherwise predominate. As such, these individualized damages inquiries do not bar certification.

Noble, 224 F.R.D. at 345; see also Ansoumana, 201 F.R.D. at 89 ("Th[e] single issue [of whether the plaintiffs were entitled to overtime wages] predominates over all other factual and legal issues presented, because each proposed Plaintiff class member did substantially the same type of work, for the same type of employer, and was assigned in the same sort of way . . . ."). The common question of Defendants' alleged failure to pay overtime wages predominates, and this requirement is therefore satisfied.

---

[2] Defendants' allegations objecting to the appointment of plaintiffs' counsel as class counsel appear to be unsupported and, in any event, allege nothing more than zealous advocacy by plaintiffs' counsel on behalf of its clients. (See Def. Mem. in Opp. at 16) (arguing that plaintiffs counsel told Defendants that they "better pay now because it will be worse later.") Furthermore, Defendants' objection that Plaintiffs' counsel will demand fees that could increase the cost of settlement is also unsupported, and, in any event, a reality accompanying any litigation. (See id. at 17) (arguing that Plaintiffs' counsel potential demand for fees could preclude a settlement)

6. Superiority

Fed. R. Civ. P. 23(b)(3) requires that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." As in Scholtisek, "the state law claims [for allegedly unpaid overtime] clearly arise out of the same nucleus of operative facts as the FLSA claims, which are going to be adjudicated in this Court in any event." Scholtisek, 229 F.R.D. at 393. Furthermore, like the plaintiffs in Velez, "the proposed class members are sufficiently numerous and seem to possess relatively small claims unworthy of individual adjudication due to the amount at issue. [Furthermore], there is reason to believe that class members may lack familiarity with the legal system, discouraging them from pursuing individual claims." Velez, 2005 U.S. Dist. LEXIS, at *19. Therefore, a class action is superior to other available methods for adjudicating the controversy.

7. Ascertainability

There is an implied requirement that the membership of the class is identifiable and ascertainable. In re Methyl Tertiary Butyl Ether Prods. Liab. Litig. (In re MTBE) 209 F.R.D. 323, 337 (S.D.N.Y. 2002). "An identifiable class exists if its members can be ascertained by reference to objective criteria." Id. In application, this means that it must be "administratively feasible for a court to determine whether a particular individual is a member of the class [and t]he Court must be able to make this determination without having to answer numerous individualized fact-intensive questions." Fogarazzo v. Lehman Bros., 03-cv-5194, 2005 U.S. Dist. LEXIS 15570, at *14 (S.D.N.Y., July 29, 2005).

Defendants argue this requirement is not satisfied because, inter alia, "[a]t least 11 plaintiffs have no idea of how much allege unpaid overtime they incurred, and were unable to

state the dollar value of their own claims . . . ." (Def. Mem. in Opp. at 5). Defendants' concerns are relevant to the eventual calculation of damages, but have no bearing on whether membership in the class is ascertainable, since whether an individual worked overtime for which they were not paid overtime wages requires no subjective determination, McBean v. City of New York, 228 F.R.D. 487, 492 (S.D.N.Y. 2005), and can be verified by reference to objective documentation, including employee payroll records and tax returns. See also Ansoumana, 224 F.R.D. at 341-42. Therefore, the implied ascertainability requirement is satisfied.

B. Summary Judgment on FLSA Claims

1. Individual Plaintiffs

Defendant seeks summary judgment dismissing the FLSA claims of certain individual plaintiffs on the grounds that they (1) fail to sufficiently identify the amount of overtime they allegedly worked, (2) assert claims for the period during which Defendants kept adequate records, (3) are no longer living, or (4) are asserting claims unrelated to unpaid overtime wages.

a. Failure to Identify Amounts Owed

Defendants seek summary judgment dismissing the claims of those plaintiffs who have been unable to specifically identify the amount of overtime they worked. (Def. Mem. in Supp. at 2) ("[The] claims . . . should be dismissed . . . [for] those [plaintiffs] who have failed to present sufficient evidence of the hours they allegedly worked or the unpaid overtime they allegedly incurred . . . .")

Pursuant to governing caselaw and a December 29, 2004 stipulation between the parties, the fact that Defendants did not maintain proper documentation prior to mid-2000 lowers Plaintiffs' burden of proof. "[W]here the employer's records are inaccurate or inadequate and

9

the employee cannot offer convincing substitutes . . . the solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946). Therefore, Plaintiffs need only "submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred." Reich v. Southern New Eng. Telcoms. Corp., 121 F.3d 58 (2d Cir. 1997) (quoting Martin v. Selker Bros., Inc., 949 F.2d 1286, 1296-97 (3d Cir. 1991)). They "need not present testimony from each underpaid employee; rather, it is well-established that [they] may present the testimony of a representative sample of employees as part of [their] proof of the prima facie case under the FLSA." Reich, 121 F.3d at 67; see also Doo Nam Yang v. ACBL Corp., 2005 U.S. Dist. LEXIS 31567 (S.D.N.Y., Dec. 5, 2005) (holding that mere recollection is sufficient under the lower burden of proof)

In light of Plaintiffs' lowered burden of proof, the affidavits and deposition testimony offered by Plaintiffs are sufficient to raise issues of fact that preclude summary judgment against the claims for the individual plaintiffs who have, to date, failed to specifically identify the amounts they claim to be owed for unpaid overtime prior to 2000.

        b.     Claims Arising After 2000

Defendants seek dismissal of the claims of plaintiffs Bajguz, Banasieicz, Citak, Choromanski, Kaczynski, Konopczak, Kurzynski, Szczesny and Szydlik insofar as they seek overtime wages for the period after Defendants began keeping records in 2000. As these plaintiffs have failed to produce evidence indicating that they were not paid overtime for the period after which Defendants began keeping records, their claims for that period are dismissed.

c.  Deceased Plaintiffs

Defendants seek summary judgment dismissing the claims of plaintiffs E. Jankowski, Wiktoruk and R. Meczkowski on the ground that they are now deceased and have therefore failed "to come forward with any evidence to support their purported claims . . . ." (Def. Mem. in Supp. at 20).[3]

i.  E. Jankowski

A putative plaintiff seeking to join an action under the FLSA must 'opt-in.' Ayers v. SGS Control Servs., 03-cv-9078, 2004 U.S. Dist. LEXIS 25646, at *13 (S.D.N.Y., Dec. 21, 2004); Braunstein v. Eastern Photographic Laboratories, Inc., 600 F.2d 335, 336 (2d Cir. 1978). Defendants seek dismissal of E. Jankowski's claims on the ground that he died prior to opting-in to the FLSA action and "[o]ne 'Antonina Jankowska,' presumably his widow, signed a Consent to Joinder - not in any representative capacity but, rather, in her own name." (Def. Mot. in Supp. at 19) (emphasis omitted).

Since E. Jankowski's 'opt-in' was signed by some other person, who failed to identify a legally cognizable relationship that would entitle him or her to assert claims on E. Jankowksi's behalf, (Def. 56.1 Stmt. ¶ 24)[4], E. Jankowski's opt-in is invalid and his claims are therefore

---
[3] The parties have entered into a stipulation pursuant to which plaintiffs agreed not to oppose dismissal of those deceased individuals for whom a legal representative has not been appointed at least 30 days before trial date. It is not yet 30 days before trial, however, and this stipulation therefore does not affect the instant motion.

[4] Local Civil Rule 56.1 of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York requires a party moving for summary judgment to submit "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Joint Local Rule 56.1(a). Defendant has complied with this requirement. Joint Local Rule 56.1 also requires a party opposing summary judgment to submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." Joint Local Rule 56.1(b). Finally, Joint Local Rule 56.1 (c) states that "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." While Plaintiffs have submitted a document entitled "Statement Pursuant to Local Civil Rule 56.1 in Opposition to Defendants' Motion for Summary Judgment" and a

dismissed. See Perry v. Beneficial Finace Co., 88 F.R.D. 221, 223 (W.D.N.Y. 1980) ("Requests to exclude William Lynett and Anthony Kalsky were received from their respective wives. Each request indicated that the respective class member had died. However, neither request clarified the legal capacity in which the request was made and I therefore treat such requests as invalid."); Johnson v. Lomas Mortgage USA, Inc., 140 B.R. 850, 856 (Bankr. D. Pa. 1992) (holding, in a Truth-in-Lending Act case, that "unless and until a party-plaintiff actually is appointed as a representative of the estate, it seems clear that the said party cannot maintain an action on behalf of the decedent-obligor's estate.")

      ii.  Wiktoruk and R. Meczkowski

Defendants seek dismissal of the claims of plaintiffs Wiktoruk and R. Meczkowski on the ground that, after opting-in to the FLSA action, they died and therefore did not provide testimony to support their claims.

A cause of action is not automatically extinguished upon the death of plaintiff. Perry, 88 F.R.D. at 222 (holding that "a cause of action under [the Truth-in-Lending Act] is primarily remedial in nature and therefore survives the death of the claimant.") (citing Smith v. No. 2 Galesburg Crown Finance Corp., 615 F.2d 407, 413-15 (7th Cir. 1980); see also Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not thereby extinguished . . . ."). It is well-established

---

document entitled "Declaration of Robert Wisniewski, Esq. Pursuant to FRCP Rule 56 and Local Rule 56.1 in Opposition to the Defendants' Motion for Summary Judgment," neither document contains "correspondingly numbered paragraphs responding to each numbered paragraph in the statement of the moving party . . . ." (Joint Local Rule 56.1(b). Thus, for example, while Plaintiffs' "Statement Pursuant to Local Civil Rule 56.1 in Opposition to Defendants' Motion for Summary Judgment" makes a cursory attempt to respond to Defendant's first paragraph, ("Plaintiffs are unsure of how to define 'small contractor' . . . ."), it contains 21 paragraphs, whereas the Defendants' 56.1 statement contains 27 paragraphs. The Court will therefore deem those facts not "specifically controverted by a correspondingly numbered paragraph," Local Civil 56.1(c), admitted.

that the FLSA is remedial in nature. Coke v. Long Island Care at Home, Ltd., 376 F.3d 118, 123 (2d Cir. 2004); Ling Nan Zheng v. Liberty Apparel Co., 355 F.3d 61, 66 (2d Cir. 2003).

In light of the lowered burden of proof, which allows for, inter alia, representative testimony, Defendants' motion for summary judgment dismissing the claims of these plaintiffs is therefore denied.

### d. Other Claims

Defendants seek summary judgment dismissing the claims of plaintiffs Galej, Siwielic and Konopczak from the FLSA action on the ground that they are suing for reasons other than unpaid overtime wages. The FLSA provides for aggrieved employees who are 'similarly situated' to pursue a coordinated action against their employer. See Scholtisek, 229 F.R.D. at 387. Defendants appear to argue that, because these plaintiffs assert substantively distinct claims, they are not similarly situated to the other plaintiffs, and their claims should therefore be dismissed.

Plaintiffs are similarly situated for purposes of an FLSA collective action if they "were victims of a common policy or plan that violated the law." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.). Plaintiff Galej testified at his deposition that he was suing because he had not been given proper safety equipment while performing asbestos removal work and because he believed he was underpaid for allegedly dangerous work on a scaffold. (Pl. Reply Decl., Ex. 1). Since these claims do not arise from a common policy of not paying overtime wages, Galej's FLSA claims are dismissed.

Plaintiff Siwielec testified at his deposition that he believed he was fired because of his age. (Id., Ex. 2). However, Siwielec also testified that "we were paid less than we should have

13

been . . . ." (Id.). Construed in a light most favorable to Siwielec for purposes of this motion, this statement is sufficient to establish that he is asserting claims arising from the common policy or plan at issue in this litigation. Defendants' motion for summary judgment seeking dismissal of the claims of Siwielec is therefore denied.

Defendants claim that plaintiff Konopczak testified that he had been paid one and one-half (1½) times his regular hourly rate for his overtime, but stated that Defendants were required to pay him two and one-half (2½) times his hourly rate. Plaintiff fails to substantiate this claim and, therefore, even under the lowered burden of proof, this is insufficient to create a genuine issue of fact for trial. Konopczak's FLSA claims are therefore dismissed.

2. Individual Defendants

Defendants seek summary judgment dismissing the claims asserted against the individually named defendants on the ground that they are not 'employers' within the meaning of the FLSA. 29 U.S.C. § 203(d) defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." This definition, which the Supreme Court has described as "expansive[]", Falk v. Brennan, 414 U.S. 190, 195 (1973), is consistent with "the remedial nature of the statute . . . [which is to be read to have] the widest possible impact in the national economy." Herman v. RSR Sec. Servs., 172 F.3d 132, 139 (2d Cir. 1999).[5]

In determining whether an individual is an employer, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . ." Id.

---

5 The New York State Labor Law applies an equally broad definition of employer, defining it as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." NY CLS Labor § 190.

14

(citing Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984)). The Second Circuit has held that the courts must conduct this analysis with "an eye to the 'economic reality' presented by the facts of each case." Herman, 172 F.3d at 139 (citing Goldberg v. Whitaker House Coop., 366 U.S. 28, 33 (1961)). In application, the non-exhaustive list of facts to consider includes "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Carter, 735 F.2d at 12.

a. Robert Castaldi and Michael Prokop

In the instant case, there is a genuine issue of fact as to whether defendants Robert Castaldi and Michael Prokop are employers within the meaning of the FLSA. Defendants argue that only the corporate entity was the employer because "[v]irtually all plaintiffs testified during their depositions that Castle was their employer[, t]heir paychecks and W-2 forms came from Castle[, a]nd it was Castle that maintained plaintiffs' employment records and filed quarterly tax withholding returns with New York State." (Def. Reply Brief at 3). Plaintiffs claim that these two individuals operated the business, and Defendants' own deposition testimony appears to support these claims. (Cmplt. ¶¶ 22-24, 29, 30; R. Castaldi Dep., 5:11-12, 6:22-24, 38:20-24, 40:12-19, 74:12-23; Prokop Dep., 23:10-13, 22-25, 24:2-4, 26:6-13, 68:19-24). Since there is an issue of fact as to whether they were employers, their motion for summary judgment is denied.

b. Diane Castaldi

Defendants seek dismissal of the claims against Diane Castaldi on the ground that she did not participate in the operation of the business. Defendants have offered extensive evidence in

support of this claim, (R. Castaldi Dep., 6:22-24, 87:6-25; 88:3-10; D. Castaldi Dep., 6:9-24; 7:4-25; 8:3-16), and Plaintiffs have offered neither arguments nor evidence in response. Furthermore, Plaintiffs' claims that the corporate veil should be pierced are unavailing. "Those seeking to pierce a corporate veil of course bear a heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences." TNS Holdings Inc. v. MKI Sec. Corp., 92 N.Y.2d 335, 339, 703 N.E.2d 749, 751, 680 N.Y.S.2d 891, 893 (1998). Plaintiffs have not offered sufficient evidence of any such domination, fraud or inequitable consequences, and their claims against Diane Castaldi are therefore dismissed.

IV.  Conclusion

For the reasons set forth above, Plaintiffs' motion for class certification is GRANTED, and the following class is hereby certified: "all non-exempt employees of the defendants during the period from January 11, 1995 to the present who were not paid overtime compensation for each hour worked in excess of forty hours per week." Plaintiffs' counsel is hereby appointed class counsel. Defendants' motion for partial summary judgment is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United State District Judge

Dated: January 7, 2006
Brooklyn, New York